■ In the Matter of CONBOY, HEWITT, O'BRIEN & BOARDMAN et al., Petitioners, v COMMISSIONER OF FINANCE OF THE CITY OF NEW YORK, Respondent. [672 NYS2d 315] —Determination of the Tax Appeals Tribunal of the City of New York dated December 31, 1996, which sustained a determination of respondent Commissioner of Finance of the City of New York assessing a deficiency in payment of the Commercial Rent and Occupancy Tax (CRT), unanimously confirmed, the petition

denied, and the proceeding brought pursuant to CPLR article 78 dismissed, without costs.

Petitioners occupied the subject premises for the purpose of practicing law under a 1977 lease that expired on April 30, 1984. In 1982, petitioners entered into an agreement with their landlord purporting to surrender possession and terminate the lease effective May 23, 1983, but requiring petitioners to continue paying rent unless and until the landlord relet the premises to a new tenant. This agreement further provided that petitioners and their landlord would split any "net profit" resulting from an increase in rent paid by a new tenant. On May 23, 1983, when petitioners vacated the premises, they ceased paying the CRT on the asserted ground that they were no longer paying rent for "taxable premises" as defined in Administrative Code of the City of New York § 11-701 (5), and that there was therefore no basis for imposition of the tax under Administrative Code § 11-702.

We agree with the Tribunal that despite petitioners' vacating the premises and surrendering possession, their payments of rent after May 23, 1983 were made pursuant to their obligation under the 1977 lease to pay rent until April 30, 1984. That obligation continued after the effective date of the agreement because the landlord never released petitioners from it. In other words, the agreement was correctly construed as one that conditionally terminated the lease, with termination actually occurring only if and when the landlord and a new tenant executed a lease, an event that did not occur prior to April 30, 1984. Consequently, petitioners remained liable for payment of the CRT after May 23, 1983 and until April 30, 1984, and the deficiency was properly imposed. Concur—Milonas, J. P., Wallach, Tom, Mazzarelli and Saxe, JJ.